Sharon HARRIS–DUBOSE Appellant,

v.

DELTA FAMILY–CARE DISABILITY
AND SURVIVORSHIP PLAN; ABC
Partnership (Names Ficticious); XYZ
Corporation (Names Ficticious).

No. 02–1267.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Dec. 13, 2002.

Decided Dec. 19, 2002.

Before FUENTES and STAPLETON,
Circuit Judges, and O'KELLEY,* District
Judge.

OPINION

STAPLETON, Circuit Judge.

Plaintiff/Appellant, Sharon Harris–Dubose, was diagnosed in March of 1989 with Chronic Fatigue Syndrome. She received short-term disability benefits from the Defendant/Appellee Plan from March 12, 1989, to July 5, 1989. Having exhausted her 26 week entitlement to such benefits, she applied for and received long-term disability benefits from July 6, 1989, to January 1, 1995.

Once an employee beneficiary of the Plan exhausts short-term benefits, she

may be entitled to long-term disability benefits if she:

> is disabled at that time as a result of demonstrable injury or disease (including mental or nervous disorders) which will continuously and totally prevent [her] from engaging in any occupation whatsoever for compensation or profit, including part-time work, but not including work performed in connection with the rehabilitation program approved by the Administrative Committee.

On February 6, 1995, Harris–Dubose was notified that her long-term benefits were being terminated because the Plan had determined (a) that she could perform some gainful employment, and (b) that she had failed to cooperate with the Plan's request for additional medical testing as required by the terms of the Plan. This suit followed. We will affirm.

(1.) The terms of the Plan give its Administrator, the Administrative Committee, the discretion to interpret the Plan and to make decisions regarding claims for benefits. This is sufficient to limit judicial review of the decision to terminate Harris–Dubose's long-term benefits to the deferential arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Abnathya v. Hoffman–LaRoche, Inc.*, 2 F.3d 40 (3d Cir.1993). Nor does the record disclose any conflict of interest on the part of the Plan that would render this standard inapplicable. *Id.*

(2.) Harris–Dubose has not shown the termination decision to be arbitrary or capricious. The issue before the committee was not whether she had Chronic Fatigue Syndrome, but rather whether she was able to do any kind of work, including

* Honorable William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

part-time work. The decision to terminate Harris–Dubose's long-term benefits, while based on a review of all of the medical evidence, was in large part the result of an agreed to examination by Dr. Leon Smith, a qualified doctor suggested by her, who determined that she could work as of August 1, 1996. The committee accepted Dr. Smith's conclusion and extended her benefits from January 1, 1995, to August 1, 1996, the date Dr. Smith opined that she could return to work.

The judgment of the District Court will be affirmed.